IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DB  INSURANCE  CO., LTD. | § | |
| | § | |
| *vs*. | § | C.A. NO. H – 19 –  3234 |
| | § | ADMIRALTY |
| THORESEN  SHIPPING | § | |
| SINGAPORE  PTE.  LTD. | § | |

## *ORIGINAL  COMPLAINT*

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff DB Insurance Co., Ltd. files this Original Complaint against Defendant Thoresen Shipping Singapore Pte. Ltd., *in personam*, and for causes of action respectfully will prove by a preponderance of the credible evidence:

1.      This action arises from damage and loss to maritime cargos, maritime torts and/or breaches of maritime contracts.

2.      Accordingly, the Court has original jurisdiction of these admiralty and maritime claims under 28 U.S.C. §1333(1).

3.      Plaintiff is a South Korean corporation with its principal place of business in Seoul, South Korea.

4.      At all times material, Plaintiff insured DSL Corporation ("DSL") under an insurance policy.

5.      Plaintiff paid DSL for cargo loss under the insurance policy and/or is contractually and/or equitably subrogated to DSL's interest in those cargos.

6.      Plaintiff brings this action for itself and, as necessary, for every person or entity that is or may become interested in the cargos.

7.      On information and belief, Defendant is a foreign business entity organized under law in Singapore.

8.      On information and belief and at all times material, Defendant owned, chartered, managed and/or operated the M/V THOR CALIBER as a common carrier of goods by water for hire between various ports, including the Ports of Mariveles, Philippines, and Houston.

9.      On information and belief, Defendant is a foreign entity not authorized to do business in Texas but, at all times material, did business in Texas by carrying cargo aboard vessels to and from Texas, owning, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in Texas, entering into charter parties, bills of lading and/or other contracts of carriage to be performed wholly or partly in Texas, and/or by committing a tort in Texas, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.

10.     On information and belief, Defendant is a non–resident as that term is used in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code but has

not designated or maintained a resident agent in Texas.

11.     Alternatively, although Defendant may not be subject to the jurisdiction of the courts of general jurisdiction of Texas or any other state, Plaintiff's action arises under federal law and, on information and belief, Defendant has sufficient national minimum contacts with the United States as a whole.

12.     The exercise of personal jurisdiction over Defendant is consistent with the Constitutions and other laws of the United States and Texas.

13.     Serving Defendant with a summons is effective to establish personal jurisdiction over it.

14.     Defendant can be served by serving the Texas Secretary of State, and process or notice can be sent to Defendant at Samsung Hub No. 22–06, 3 Church Street, Singapore 049483.

15.     On or about February 1, 2019, DSL's shipper tendered in good order and condition to Defendant at Mariveles cargos of ERW New Steel Pipe and ERW Prime Oil Country Casing.  Defendant agreed safely to receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargos in the same good order and condition as when received, in consideration of paid freight charges.  Defendant acknowledged receipt of the cargos in good order and condition and, accordingly therewith, issued at Mariveles various bills of lading, including Bills of Lading Nos. HSLM 903 SBPHOU

3

008, 009, 010, 011, 012 and 026, free of exceptions or other notations for loss or damage, and loaded the cargos aboard the M/V THOR CALIBER.

16     Thereafter, on or about April 9, 2019, the M/V THOR CALIBER arrived at Houston where Defendant later discharged the cargos, not in the same good order and condition as when received but, on the contrary, much of the cargos was dented, bent, bowed, nicked, gouged, smashed, crushed, out of round, flattened, compressed, chafed, stained, rusted, contaminated, scratched and/or otherwise physically damaged. The loss and Plaintiff's resulting damages proximately resulted from Defendant's acts and/or omissions constituting negligence, breach of contract, breach of bailment, violation(s) of the duties of a common carrier of goods by water for hire, and/or failure to perform services in a workmanlike manner.

17.     Plaintiff proximately has sustained damages exceeding $17,656.52 plus interest dating from the date of shipment, demand for which has been made upon Defendant, but which it refuses to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff DB Insurance Co., Ltd. prays that this Honorable Court adjudge that Defendant Thoresen Shipping Singapore Pte. Ltd., *in personam*, is liable to Plaintiff for its alleged damages, pre–judgment interest, post–judgment interest, court costs and all other relief as justice and equity allow.

Respectfully submitted,

*SHARPE & OLIVER, L.L.P.*

By

Robert C. Oliver
State Bar No. 15255700
S. D. Texas No. 886
5535 Memorial Drive, No. F570
Houston, Texas 77007
Telephone:        (713) 864–2221
Facsimile:        (713) 864–2228
macknife@macknife.net

OF COUNSEL:

R. M. Sharpe, Jr.
State Bar No. 18129000
S. D. Texas No. 889

ATTORNEYS   FOR   PLAINTIFF

5